CHARLES PARDEE, Respondent, v. DAVID TILTON
and others, Appellants.

*Supplementary proceedings — right of the representative of a deceased judgment creditor to institute them — Code, § 283 — Chap. 417 of 1877.*

Where a judgment creditor was entitled, at the time of his death, to institute supplementary proceedings against his debtor, the right conferred by section 283 of the Code upon his personal representative to institute and enforce such proceedings was not taken from them by the subsequent repeal of said section by subdivision 8 of section 1 of chapter 417 of the Laws of 1877, but such right was preserved and continued in full force by the qualification of such repeal contained in section 3 of the said act.

Appeal from an order of a judge of the Supreme Court,

denying a motion to vacate an order made in supplementary proceedings.

*S. J. Crooks*, for the appellants.

*E. T. Bartlett*, for the respondent.

*Per Curiam :*

On the 13th of June, 1877, Charles Pardee recovered a judgment in this court against the appellants for $1,074.09, and $110.35 costs, which judgment was on that date docketed and filed in the office of the clerk of the county of Onondaga. On the 15th of June, 1877, a transcript of the judgment was duly filed and docketed in the office of the clerk of the county of New York, and an execution was issued against the property of the appellant to the sheriff of the county of New York, which was returned wholly unsatisfied.

On the ninth of April, 1878, Charles Pardee, the plaintiff in said judgment, died, and on the twenty-second of July following Jacob C. De Witt was duly appointed administrator with the will annexed, of said Pardee.

The defendants in the judgment then resided and still reside in the city of New York. Application was made on the third of May, 1879, on behalf of said administrator, to Mr. Justice Noxon, of this court, residing in Onondaga county, for an order in supplementary proceedings, based upon said judgment and execution and its return unsatisfied. He thereupon made an order by which he directed the appellants to appear for examination before a referee named in the order, in the city of New York, and directed him to reduce the examination to writing, and report the same. The order also directed that all subsequent proceedings should be had before Mr. Justice Donohue, at the city of New York, "where the defendants to be examined reside."

The order of Justice Noxon having been served on the appellant, application was made to Justice Donohue for an order to show cause before him why the order of Justice Noxon should not be vacated, on the ground that the plaintiff in the action was dead, and that no proceedings had been taken for a revival of the action in the name of his personal representative, and that it

appeared that the execution had been issued and returned in the life-time of the plaintiff, and that the administrator acquired no right under it to institute supplementary proceedings. The order to show cause was granted, and on the hearing the motion was denied by Justice DONOHUE, who ordered that the examination of the appellants proceed upon the day to which the same had been adjourned. · The order of Justice DONOHUE having ·been duly entered by the clerk of the city and county of New York, this appeal was taken.

The order of Mr. Justice NOXON, made under ·section 292 of the Code of Procedure, was irregular in requiring the evidence and proceedings had before the referee to be returned to him. He had the power to make the order for the examination, and probably under section 300 he had authority to appoint a referee to take the testimony. But section 292 requires that where an order is made by a justice of the Supreme Court " all subsequent proceedings shall be had before some justice in the judicial department where the judgment debtor resides to be specified in the order." The direction should therefore have been that the referee report the testimony and proceedings to the justice designated in ·the order before whom the subsequent proceedings were to be had, and not to the justice who made the order.

But the principal question on the appeal is whether, under the circumstances, the administrator of the deceased plaintiff could institute supplementary proceedings .upon the execution issued and returned during the lifetime of the plaintiff. The provisions of the Code of Procedure clearly conferred this right .upon the representative. Section 283 of the Code, as amended in 1866, reads as follows :

" Section 283. Writs of execution for the enforcement of judgments, as now used, are modified in conformity to this title, and the party in whose favor judgment has been heretofore, or shall hereafter be given, and in case of his death his personal representatives duly appointed may, at any time within five years after the entry of judgment, proceed to enforce the same as prescribed by this title."

The title mentioned included supplementary proceedings. But this section is repealed by chapter 417 of the Laws of 1877,

section 1, sub. 8. The Code of Civil Procedure did not re-enact it *in hæc verba.* Section 1376 of the latter Code is in these words:

"§ 1376. Where the party recovering a final judgment has died, execution may be issued at any time within five years after the entry of the judgment by his personal representatives, or by the assignee of the judgment, if it has been assigned, and the execution must be indorsed with the name and residence of the person issuing the same."

No execution under this provision has been issued in this case; but the administrator claims the right to institute the supplementary proceedings by virtue of the execution issued by the plaintiff before his decease. The plaintiff, at the time of his death, was entitled by law to invoke the remedy of supplementary proceedings, and it is insisted by the administrator that upon his death the right then existing passed to his legal representatives, and is preserved by the saving and qualifying provisions of the general repealing act of 1877. (Laws of 1877, chap. 417.)

Section 3 of that act provides: "The repeal effected by the first section of this act is subject to the following qualifications, viz:

"1. It does not render ineffectual or otherwise impair any proceeding in an action or special proceeding, taken according to any provision of the existing laws, before this act takes effect; and where it would render ineffectual or otherwise impair such a proceeding, that provision must be deemed to remain unrepealed, for the purpose of avoiding such a result.

"2. It does not affect any lawful act done or right accrued or established before this act takes effect; but every such act or right remains as valid and effectual as if this act had not been passed. * * *

"9. It does not affect an execution issued out of a court of record before this act takes effect, or the proceedings taken by virtue of such an execution, including the sale of property and the redemption of real property, or a chattel real, sold by virtue thereof. All such proceedings are governed by the provisions of the existing laws relating thereto, which provisions for that purpose remain in force as if this act had not been passed."

The question is whether the right which existed in the plaintiff at the time of his death to institute supplementary proceedings, by reason of his execution returned in due form, vested upon his death in his legal representative. We are of opinion that the qualifying provision above cited did have the effect to preserve that right, and that notwithstanding the repeal, in general terms by the repealing act above referred to, of section 283 of the Code of Procedure, the right which had accrued under it was preserved and could still be enforced by the representative of the plaintiff, and that the order made by Mr. Justice NOXON was therefore legally made, and was regular except in respect to the direction above given to the referee. That direction, it is apparent, was a mere oversight, and the question upon it does not appear to have been made upon the motion below. It is suggested by the respondent's counsel that Justice DONOHUE had not jurisdiction to entertain the motion, but that it should have been made before Mr. Justice NOXON, who granted the order. We are inclined to think this objection was well taken, but as we are of opinion that the order was properly made, it is not necessary, inasmuch as the motion was denied by the judge below, to pass distinctly upon the question of his jurisdiction.

The order should be affirmed, with ten dollars costs and disbursements

Present — DAVIS, P. J., BRADY and INGALLS, JJ.

Order affirmed, with ten dollars costs and disbursements.